IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,

Vs.                                                               No. 07-40104-01-SAC

MCHAEL W. SLAYTON,

                Defendant.

## MEMORANDUM AND ORDER

The case comes before the court on the defendant's unresolved objection to the presentence report ("PSR"). The defendant pleaded guilty to count one (tax evasion in preparing, signing and filing a false individual tax return which did not report all of his taxable income for the calendar year of 2001) and count five (willful failure to account for and pay over federal taxes withheld from employees' wages and due and owing to the United States) of a nine-count indictment. The PSR recommends a base offense level of 18 pursuant to U.S.S.G. § 2T1.1 and a calculated tax loss of $238,883.71, a two-level specific offense enhancement pursuant to U.S.S.G. § 2T1.1(b)(1) for not reporting more than $10,000 income in one

year from criminal activity, a two-level role enhancement pursuant to U.S.S.G. § 3B1.3 for abusing a position of trust or using a special skill to significantly facilitate the commission or concealment of the offense, and a three-level deduction pursuant to U.S.S.G. § 3E1.1 for acceptance of responsibility. With a total offense level of 19 and a criminal history category of one, the guideline range is 30 to 37 months. The defendant's pending objection is that the role enhancement is improper, because he did not abuse any authority entrusted to him by the victim of these offenses, the United States of America.

The Sentencing Guidelines provide a two-level increase if the defendant has "abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3. Instead of specifying whether the enhancement here is recommended for the abuse of a position of trust or for the use of special skills, the PSR refers to both means, but in the alternative. In objecting that the victim here did not entrust any discretionary authority to him, the defendant is objecting to only the abuse of position means. Because the PSR writer in responding to the defendant's objection concedes that the enhancement would not apply if

the defendant's objection were sustained, the court will construe the PSR as recommending the enhancement based only an abuse of position and not the use of special skills.

The abuse of position enhancement is imposed if the court finds first, that the defendant did occupy a position of trust, and second, that the defendant abused this position to facilitate significantly the commission or concealment of the offense. *United States v. Spear*, 491 F.3d 1150, 1153 (10th Cir. 2007). "The primary concern of § 3B1.3 is to penalize defendants who take advantage of a position that provides them freedom to commit or conceal a difficult-to-detect wrong." *United States v. Koehn*, 74 F.3d 199, 201 (10th Cir. 1996). In this circuit, "'[t]he question of whether an individual occupied a position of trust is evaluated from the victim's perspective.'" *United States v. Chee*, 514 F.3d 1106, 1118 (10th Cir. 2008) (quoting *United States v. Trammel*, 133 F.3d 1343, 1355 (10th Cir. 1998)).

In *United States v. Guidry*, 199 F.3d 1150 (10th Cir. 1999), the defendant was convicted of three counts of willfully filing a false tax return. The defendant Guidry, in her role as financial controller for her employer, embezzled substantial sums of money from her employer and then failed to

file tax returns that reported these sums as income.  The sentencing court imposed a U.S.S.G. § 3B1.3 enhancement based on the defendant abusing her position of trust with the employer.  Noting the Circuit's general rule that "the position of trust must be found in relation to the victim of the offense," 199 F.3d at 1160, the panel in *Guidry* reversed the sentencing court on this enhancement:

> We have applied § 3B1.3 in two types of cases: "The first is where the defendant steals from his employer, using his position in the company to facilitate the offense," and the "second is where a 'fiduciary or personal trust relationship exists' with other entities [not the employer], and the defendant takes advantage of the relationship to perpetrate or conceal the offense." *Id*. [*United States v. Koehn*, 74 F.3d 199, 201 (10th Cir. 1996)] (quoting [*United States v.*] *Brunson*, 54 F.3d [673] at 677 [(10th Cir.), *cert. denied*, 516 U.S. 951 (1995)]. Mrs. Guidry's conduct in filing false income tax returns falls into neither category. We must vacate the portion of the sentence imposed due to the abuse of a position of trust enhancement and remand for resentencing because Mrs. Guidry did not occupy a position of trust vis-à-vis the government, the victim in this case.

199 F.3d at 1160.

The *Guidry* decision is binding precedent that is on all fours to this case.  On both counts of conviction here, the victim is the United States of America, and the defendant did not occupy a position of trust in relation to the government.  Thus, the defendant's objection to the U.S.S.G. § 3B1.3 enhancement is sustained.  This changes the guideline sentencing

4

calculations to a total offense level of 17 resulting in a lower guideline range of 24 to 30 months.

IT IS THEREFORE ORDERED that the defendant's objection to the PSR is sustained.

Dated this 13th day of August, 2008, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge